NO. 07-07-0184-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008

______________________________


TAI THANH HO, 

                                                                                      Appellant

v.

THE STATE OF TEXAS, 

                                                                                      Appellee


_________________________________

FROM THE 403rd DISTRICT COURT OF TRAVIS COUNTY;

NO. 07-904001; HON. BRENDA KENNEDY, PRESIDING

_______________________________

Memorandum Opinion

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          After a jury trial, appellant Tai Thanh Ho (appellant) was convicted of the offense
of murder. Punishment was assessed by the jury at seventy-five years in the Texas
Department of Criminal Justice Institutional Division. Appellant timely filed his notice of
appeal. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that appellant’s appeal is without merit. Along with his brief, he has filed a copy
of a letter sent to appellant informing him of counsel’s belief that there was no reversible
error and of appellant’s right to appeal pro se. By letter dated October 5, 2007, this court
notified appellant of his right to file his own brief or response by November 5, 2007, if he
wished to do so. Appellant filed a response wherein he contends that 1) the trial court
erred by failing to, sua sponte, give a reasonable doubt instruction to the jury on
extraneous offenses or bad acts, and in allowing witnesses to testify about bad acts
concerning his statement in needing a gun, 2) the State failed to give notice of use of
extraneous offenses, 3) the State failed to comply with Rules 404(b) and 609(f) of the
Texas Rules of Evidence and “Art. 37.07 §3 and Art. 38.37 of T.C.C.P.” and 4) the trial
court erred by allowing testimony regarding his cell phone account.
          In compliance with the principles enunciated in Anders, appellate counsel discussed
each phase of the trial including 1) voir dire, 2) admission of crime scene and autopsy
photos at trial, 3) testimony at trial by several witnesses, 4) business records introduced
at trial, 5) legal and factual sufficiency of the evidence at trial, 6) the jury charge for both
guilt/innocence and punishment phases of the trial and 7) jury argument. At each phase,
counsel discussed the applicable law and analyzed the evidence according to that law. 
Upon his final analysis, counsel determined no reversible error existed. Thereafter, we
conducted our own review of the record to assess the accuracy of appellate counsel’s
conclusions and to uncover any error, reversible or otherwise, pursuant to Stafford v. State,
813 S.W.2d 503 ( Tex. Crim. App. 1991), along with appellant’s response, and concluded
the same. 
          Accordingly, the motion to withdraw is granted and the judgment is affirmed.
 

                                                                           Brian Quinn 
                                                                          Chief Justice 
  

Do not publish.